**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF LOUISIANA**

**LAKE CHARLES DIVISION**

| | | |
|---|---|---|
| **RAYMOND ISSONDA** | : | **DOCKET NO. 2:06-cv-1369**<br>Section P |
| **VS.** | : | **JUDGE TRIMBLE** |
| **U.S. BUREAU OF IMMIGRATION & CUSTOMS ENFORCEMENT** | : | **MAGISTRATE JUDGE WILSON** |

### REPORT AND RECOMMENDATION

Currently before the court is a petition for writ of *habeas corpus* filed by *pro se* petitioner, Raymond Issonda, pursuant to 28 U.S.C. §2241. This matter has been referred to the undersigned magistrate judge for review, report, and recommendation in accordance with 28 U.S.C. §636(b)(1)(B).

In his petition, the petitioner claims that he is under a final order of removal and that he has been in post-removal-order detention since February 2, 2006, a period of time in excess of 6 months. He claims that there is no significant likelihood of removal in the reasonably foreseeable future, and he seeks to have this court order his release from custody.

In light of the facts presented by petitioner, the court ordered the government to respond to the petition. In its response, the government presents evidence that on September 13, 2006, the Embassy of Tanzania issued a travel document for petitioner. Accordingly, it argues that this petition should be dismissed as petitioner has failed to establish that his removal is not likely to occur in the reasonably foreseeable future.

In *Zadvydas v. Davis*, 121 S.Ct. 2491 (2001), the United States Supreme Court held that in order for post-removal detention under INA §241(a)(6) to be constitutional, it must be limited "to a period reasonably necessary to bring about that alien's removal from the United States." *Zadvydas*, 121 S.Ct. at 2498. The Supreme Court recognized six months as a presumptively reasonable period of detention

for INS detainees following a final order of removal. *Zadvydas*, 121 S.Ct. at 2504.

> After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut this showing. And for the detention to remain reasonable, as the period of prior post-removal confinement grows, what counts as the 'reasonably foreseeable future' conversely would have to shrink. This 6-month presumption, of course, does not mean that every alien not removed must be released after six months. To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future.

*Zadvydas,* 121 S.Ct. 2505.

In *Andrade v. Gonzales,* 459 F.3d 538 (5th cir. 2006), the Fifth Circuit recently reiterated that the Supreme Court's holding in *Zadvydas* "creates no specific limits on detention"; that "'an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future.'"; and that "[t]he alien bears the initial burden of proof in showing that no such likelihood of removal exists." *Andrade*, 459 F.3d at 543, quoting *Zadvydas*, 121 S.Ct. at 2505. In that case, Andrade "offered nothing beyond his conclusory statements suggesting that he [would] not be immediately removed to Cape Verde following the resolution of his appeals," and the Fifth Circuit found his constitutional challenge to his detention to be without merit. *Andrade,* 459 F.3d at 543-544.

In this case, Tanzania issued a travel document for petitioner on September 13, 2006 which is valid for 6 months and permits a single journey to Tanzania by petitioner. *See* Government Exhibit A [doc. 8-4, p.22]. Petitioner has filed nothing in response to this summary judgment evidence to suggest that he will not be removed pursuant to this travel document in the reasonably foreseeable future. Accordingly, the court finds that petitioner's detention pending his removal does not violate the Constitution.

For this reason,

IT IS RECOMMENDED that this petition be DENIED and DISMISSED.

Under the provisions of 28 U.S.C. §636(b)(1)(C), the parties have ten (10) business days from receipt of this Report and Recommendation to file any objections with the Clerk of Court. Timely

objections will be considered by the district judge prior to a final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY FROM ATTACKING ON APPEAL, EXCEPT UPON GROUNDS OF PLAIN ERROR, THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT COURT.**

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, November 8, 2006.

_____
ALONZO P. WILSON
UNITED STATES MAGISTRATE JUDGE